UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
FILED

NOV 1 9 2025

SOUTHERN DISTRICT OF
NEW YORK

-------------------------------------------------- x

Lawrence P. Synalovski Rivera, Plaintiff,

– against –

International Business Machines Corporation (IBM), Defe

-------------------------------------------------- x

Case No. _____

EMERGENCY MOTION FOR TEMPORARY RESTRAINING O

AND PRELIMINARY INJUNCTION

Plaintiff, Lawrence P. Synalovski Rivera ("Plaintiff"), respe
Emergency Temporary Restraining Order ("TRO") and Pre
Rule 65 of the Federal Rules of Civil Procedure.

Plaintiff seeks immediate judicial intervention to stop Def
Machines Corporation ("IBM") from:

(1) unlawfully accessing, monitoring, or interfering with P
devices, home network, cloud accounts, and personal info

(2) deleting, altering, or destroying any data relating to Pl

(3) engaging in any retaliatory or surveillance activity toward Plaintiff.

This relief is necessary to prevent ongoing and irreparable harm.

I. INTRODUCTION

> Plaintiff is directed to review and comply with this Court's Individual Practices, in particular Rule 4(F), which concerns applications for injunctive relief, including emergency and/or temporary injunctive relief. Specifically, the Court will not consider issuance of a temporary restraining order prior to a conference with the parties, which conference shall be requested in strict accordance with the provisions of Rules 2(C) and 4(F) of the Court's Individual Practices, as well as Rule 65 of the Federal Rules of Civil Procedure.
>
> The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 3 and mail a copy of this Order to Plaintiff.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             December 1, 2025

Plaintiff has been subjected to ongoing unlawful digital surveillance, unauthorized access, and interference with his personal devices and information by IBM. Despite repeated security updates, password resets, and reporting this behavior to IBM's HR and legal departments, the intrusions have continued. Plaintiff therefore seeks emergency injunctive relief.

II. LEGAL STANDARD

A TRO and preliminary injunction are warranted when the movant demonstrates:

(1) likelihood of success on the merits,

(2) irreparable harm absent relief,

(3) the balance of equities favors the movant, and

(4) the injunction serves the public interest.

III. FACTUAL BACKGROUND

Plaintiff incorporates all facts described in the sworn affidavit submitted herewith. Plaintiff is experiencing:

• Unauthorized access into his home Wi-Fi, iPhone, iPad, and cloud accounts.

• Evidence of enterprise-level tools (CrowdStrike Falcon, Cisco DART) operating on his devices without consent.

• Continued interference even after multiple complaints to IBM.

• Threatened data loss, privacy breaches, and employment retaliation.

IV. ARGUMENT

A. Plaintiff Faces Irreparable Harm

Ongoing unauthorized surveillance causes harm that cannot be compensated monetarily, including loss of privacy, compromised personal data, and fear of continued digital intrusion.

B. Likelihood of Success on the Merits

Evidence demonstrates unauthorized access in violation of the Computer Fraud and Abuse Act, privacy statutes, and other federal and state laws.

C. Balance of Equities Favors Plaintiff

IBM suffers no lawful harm by being prevented from engaging in illegal access or surveillance. Plaintiff faces catastrophic privacy harm without an injunction.

D. Public Interest Supports Relief

Preventing unlawful surveillance and protecting digital privacy is in the public interest.

V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court issue a Temporary Restraining Order and order that:

1. IBM cease all unauthorized monitoring, access, and interference with Plaintiff's devices, network, or data.

2. IBM preserve all data and logs relating to Plaintiff.

3. IBM cease any retaliatory actions.

4. The Court set a hearing on a preliminary injunction.

Respectfully submitted,

Lawrence P. Synalovski Rivera